Frank D. McKendall &#125;
 vs. &#125; No. 76946.
Charles Peters &#125;

March 21, 1930.

CARPENTER, J. This action was brought to recover money due and

owing from the defendant to the plaintiff. The case was tried before a jury in December, 1929, at which trial the jury returned a verdict for the defendant. Thereupon, within due time, the plaintiff filed a motion for a new trial alleging the usual grounds, which said motion was argued before this Court in February, 1930.

It appeared from the evidence that Frank D. McKendall of Providence furnished and delivered to the defendant, Charles Peters of Seekonk, Massachusetts, lumber and materials which were used in the building of a house in Seekonk by said defendant. It also appeared that the plaintiff, Mr. McKendall, furnished some money for the building of the house. After the delivery of the material and as the work progressed on the house, on the 10th of July, 1924, Charles Peters signed and delivered a note for $2300.00 payable to Frank D. McKendall, with interest as in said note set forth, which said note was secured by a mortgage on the real estate upon which said house was being built. Afterwards, on the 20th of January, 1925, Charles Peters signed and delivered another note to said Frank D. McKendall for the sum of $750.00, secured by a mortgage on the real estate covered by the first mortgage. Both notes were produced in evidence and are marked exhibits in the case. After the notes and mortgages were given, there was a breach in the condition of the first mortgage, to wit, the mortgage dated September 11, 1924, whereupon the mortgage was foreclosed and the property sold, at which sale Frank D. McKendall, the plaintiff, purchased the property for $1500.00, he being the highest bidder.

There was no question as to the legality of the sale or the manner in which the sale was conducted. After the sale, the sum of $1500.00 being credited upon the first note, there was a balance due and owing on the note in the sum of about $1500.00, and all

of the second note was due and owing.

The defendant claimed that McKendall agreed with him that if he, Peters, would not bid at said sale and would allow McKendall to purchase the property, he, McKendall, would cancel and mark "paid" both of said notes. Peters, the defendant, presented more or less of a sad story to the jury which apparently moved the jury to sympathize with him in the whole transaction, without regard to the evidence submitted in the case.

The Court does not feel that the jury were justified on the evidence in returning a verdict for the defendant, and does not feel that substantial justice has been done.

Motion for a new trial is granted.

For plaintiff: McGovern & Slattery.

For defendant: Harlow & Boudreau.